Martin GOTTHARDT, Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 43955.

Missouri Court of Appeals,
Eastern District.

Aug. 11, 1981.

Frank J. Kaveney, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SNYDER, Judge.

Movant appeals from the judgment denying his Rule 27.26 motion. Movant contends on appeal that the record fails to show that he intelligently waived his constitutional right against self-incrimination when he pleaded guilty. He also submits that evidence of his conversations with his attorney which was allowed at the hearing on his motion, was admitted in violation of movant's attorney-client privilege.

The judgment is affirmed.

Movant was convicted of second degree murder in 1974 after a trial at which he testified. He was sentenced to thirty years in accordance with the jury's verdict. The conviction was reversed on appeal because of an omission in the instructions to the jury. *State v. Gotthardt*, 540 S.W.2d 62 (Mo. banc 1976).

Upon remand movant elected to plead guilty to the charge of second degree murder instead of being retried. The plea was accepted at a hearing and movant was later sentenced to twelve years' imprisonment with credit for time served. His Rule 27.26 motion was denied by the trial court. The denial was appealed and the case was remanded for the entry of the findings of fact and conclusions of law. The trial judge then entered findings of fact and conclusions of law, again denied the motion, and movant again appeals.

Appellate review is limited. Unless the trial court's findings, conclusions and judgment are clearly erroneous, the judgment must be affirmed. Rule 27.26(j). *Warren v. State*, 482 S.W.2d 497, 499[1] (Mo. banc 1972); *Pickens v. State*, 549 S.W.2d 910, 912[1] (Mo.App.1977).

Movant first contends that he "did not voluntarily and understandingly enter his plea of guilty in that ... [he] was not advised at the time of his plea that he had the right against self-incrimination." Mov-

ant was in fact specifically informed of his right to remain silent but contended at his 27.26 hearing that he believed the judge meant only that he could remain silent during the state's case. The point is ruled against appellant.

■ Before a plea is accepted, the trial court must ascertain that the plea is made voluntarily with an understanding of the nature of the charge. Rule 25.04. *State v. Blaylock*, 394 S.W.2d 364 (Mo.1965). But there is no specific line of questioning required to establish voluntariness. *Johnson v. State*, 479 S.W.2d 416, 419[2] (Mo.1972).

The motion judge indicated in his findings of fact that before movant's plea was accepted, movant was advised of his constitutional rights by the court. Movant was asked numerous questions about his understanding of the effect of the plea on his rights. He responded affirmatively each time he was asked if he understood and he responded negatively when asked whether he was unable to understand.[1]

At the plea hearing, the court's exact language concerning movant's right to refuse to testify was: "Mr. Gotthardt, . . . a person who is charged with a crime is presumed to be innocent; and it's up to the authority that is bringing that charge to prove that that person is guilty of the charge and to prove them guilty beyond a reasonable doubt. You have to do nothing, sir. You could stand mute, and it's up to the State of Missouri to prove you guilty beyond a reasonable doubt." The court then asked movant, "Do you understand that?" Movant replied, "Yes, Your Honor."

The explanation of the right against self-incrimination given by the judge before he accepted movant's plea was clear and plain. Movant's alleged misunderstanding, though not inconceivable considering that he testified at his first trial, is supported only by his testimony at the 27.26 hearing. His

testimony was purely subjective: that he thought his right to "stand mute" applied only to "[w]hen the State was presenting their case."

On cross-examination at the Rule 27.26 hearing he testified as follows:

"Q  Do you know what the word mute means?

A  Yes, sir.

Q  What does it mean to you?

A  To be silent.

Q  Did you know what that word meant back in April of 1977 when you pled guilty of this charge?

A  Yes, sir."

■ The record of the plea showed a knowing and intelligent waiver, and the burden was on movant to establish otherwise by a preponderance of the evidence. Rule 27.26(f). *See Morris v. State*, 456 S.W.2d 289, 292[1] (Mo.1970) for an explanation of movant's "risk of nonpersuasion."

■ It was unreasonable for movant to believe that his right to refuse to testify applied only to the state's presentation of its case. Thus, his subjective belief does not entitle him to relief. *McMahon v. State*, 569 S.W.2d 753, 758[5] (Mo. banc 1978).

Movant argues that there is nothing in the record to refute his misunderstanding of the judge's explanation and that the record must affirmatively show that his plea was voluntary, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Rolfes v. State*, 574 S.W.2d 948 (Mo.App.1978). Both cases are distinguishable.

In *Boykin* the record contained no indication that the judge had inquired into the defendant's understanding of the privilege against self-incrimination, his right to a trial by jury and to confront his accusers before entering a plea of guilty. The rec-

---

1. Movant answered affirmatively when asked if he understood: (1) that he was waiving his right to trial by jury; (2) that acceptance of the plea left him guilty of second degree murder; (3) that nothing remained for the court to do but sentence him; (4) that the court was not bound by the prosecutor's recommendation of 12 years in the penitentiary; (5) that he understood what he was doing; and (6) that he had sufficient opportunity to talk to his lawyer and his mother.

ord showed little more than that the defendant appeared with his attorney and pleaded guilty. The record showed no questions by the judge concerning the plea, and the defendant did not address the court. The United States Supreme Court could not "presume a waiver of these three important federal rights from a silent record." *Boykin, supra,* 395 U.S. at 243, 89 S.Ct. at 1712. The court set aside the plea and held that the trial court erred when it accepted the plea "without an affirmative showing that it was intelligent and voluntary." *Boykin, supra* at 242, 89 S.Ct. at 1711.

A similar deficiency in the record in *Rolfes v. State, supra,* left the court unable to find a knowing waiver. In the case under review, the record showed a knowing and voluntary waiver.

It is unnecessary to discuss movant's point in which he asserts violation of his attorney-client privilege.

The judgment was not clearly erroneous and is affirmed.

CRIST, P. J., and REINHARD, J., concur.