**STATE of Missouri, Respondent,**

v.

**David PERKINS, Appellant.**

**No. 48140.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant-appellant appeals from a jury conviction of robbery first degree, § 569.-020, RSMo (1978), and tampering first degree, § 569.080, RSMo (1978). Defendant denied committing the crimes. His defense was identification. Defendant was sentenced to serve an aggregate term of sixteen years.

On appeal defendant claims trial court error in failure to give a requested instruction on a lesser included offense of robbery second degree. § 569.030, RSMo (1978). Appellant also argues that the jury was coerced when prior to giving MAI–CR2d 1.01, the "hammer instruction," the trial court commented that the jury was deadlocked with one juror refusing to change his or her decision.

The jury was instructed on robbery first degree. Defendant argues that the jury should also have been instructed on robbery second degree. The sole difference between the two instructions is whether the defendant used or threatened the use of a dangerous instrument. If so, the defendant would be guilty of robbery first degree. If not, assuming the other elements of the charge are found, defendant would be guilty of robbery second degree.

An instruction on a lesser included offense is required only if defendant requests it and there is evidence to support an acquittal of the greater offense and conviction of the lesser offense. § 556.-046.2, RSMo (1978); *State v. McIntyre*, 654 S.W.2d 188, 190 (Mo.App.1983). The evidence must show lack of an essential element of the greater offense to require instruction on the lesser offense. *State v. Bigham*, 628 S.W.2d 681, 682 (Mo.App. 1982). Here defendant did request the instruction. However, there is no evidence to support an acquittal of robbery first degree. The robbery victim felt the knife stab him and had lacerations on his fingers and eyes.[1] A blood-stained knife was found where the victim had been attacked. There was no evidence that the robbery was committed by any method other than the use of a dangerous instrument. *See State v. Dickerson*, 607 S.W.2d 196, 198 (Mo.App.1980).

Defendant relies on *State v. Ellis*, 639 S.W.2d 420 (Mo.App.1982). In *Ellis* the charge was assault first degree, § 565.-050; RSMo (1978), and the court reversed for failure to give an instruction on assault second degree, § 565.060, RSMo (1978). The issue was not whether an assault had been committed but whether the resulting injuries were life threatening or not. Ellis did not deny the assault. His defense was justification. The court said on the facts of the case the jury could have found that the victim sustained no serious physical injury which created substantial risk of death. 639 S.W.2d at 422. There was, therefore, evidence to support an acquittal of the greater offense. The issue was the degree of injury on which reasonable minds could differ and defendant was entitled to the instruction on the lesser included offense.

---

1. The fact that the victim could not describe the knife does not prove that no knife was used. The victim's wounds were inflicted by a sharp object. The medical record indicates that the victim may have been poked in the eye by a finger. Even if that is true the victim still felt the defendant "sticking" him on the arms and nose. The medical record describes the injuries as part of an attack by a knife. Assuming the fact that the eye injuries may not have been inflicted by a knife does not prove that defendant did not threaten the use of a dangerous weapon during the robbery.

In the case at bar the evidence showed the robbery was with a knife. If the defendant committed the crime it must have been with a knife. The *Ellis* court recognized that in an assault case if there was substantial evidence that the resulting wounds were life threatening (that reasonable minds could not differ on that issue) an instruction on the lesser included offense would not be warranted. 639 S.W.2d at 422. In that event there would be no evidence to support an acquittal of the crime charged. In the present case there was no evidence to support an acquittal of robbery first degree if the jury determined the defendant was the actor. Where there was strong and substantial evidence of every essential element of first degree robbery, an instruction on the lesser included offense is unnecessary. *See State v. Harris*, 624 S.W.2d 879, 888 (Mo.App.1981). The court properly refused the instruction on assault second degree. § 556.046.2, RSMo (1978).

■ Appellant also contends that the jury was coerced by a statement of the trial judge prior to giving the "hammer instruction." After deliberating for approximately four hours the jury sent the court a message which read: "The jury has come to a deadlock. One of the jurors refusing to change their decision." The jury was called into the courtroom and the trial judge said to the foreman: "I want to acknowledge receipt of your communication *which reads* that the jury has come to a deadlock with one juror refusing to change their decision." The court asked if there was any change to the message. Upon learning that there was none, MAI–

CR2d 1.01 was given.[2] Defendant argues that the judge's repetition of the phrase in the note "[o]ne of the jurors refusing to change their decision" was coercive as to that juror and was an expression of opinion favoring the views of the eleven jurors.

The statement of the trial judge was not an expression of opinion. It was merely a reading of the note received from the jury. The judge indicated that he was reading the jury's note. The comment by the judge would be improper if it expressed his opinion on the merits. *State v. Keller*, 344 S.W.2d 65, 68 (Mo.1961). We find no violation of Rule 27.06 which prohibits the court in the trial of a criminal case, in the presence of the jury, from summing up or commenting on the evidence. The words used were those of the jury not of the judge. He read the jury's note verbatim and without comment. On these facts we find no error and no denial of defendant's rights. In *State v. Raspberry*, 452 S.W.2d 169, 175 (Mo.1970), our supreme court scrutinized a preliminary comment by the trial court using his own words before giving the hammer instruction.[3] The court held that the comments were not an expression of the court's opinion and were within the permissible limits of the trial judge's prerogative. By reading the jury's note and using no words of his own, the trial court in this case did not intimate his opinion on the merits and acted within permissible limits.

The judgment and sentence of the trial court is affirmed.

REINHARD, C.J., and CRANDALL, J., concur.

2. MAI–CR2d 1.01 reads:

It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be

untrue. Yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict.

3. In *Raspberry* the trial court judge said, "there were a large number of witnesses that testified in this case, although this case itself was not what you might consider a lengthy one. You have been deliberating since approximately 11:30 this morning, with time out for lunch and supper. I will read you another instruction, gentlemen, at this time." 452 S.W.2d at 175.