**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard Leroy CRANE,
Defendant-Appellant.**

**No. 14256.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1987.

Motion for Rehearing or Transfer
to Supreme Court Denied
April 13, 1987.

Application to Transfer
Denied May 19, 1987.

Lew Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Richard Leroy Crane guilty of tampering in the first degree as defined and denounced by § 569.-080.1(2), RSMo Supp.1984. Defendant was found to be both a prior and a persistent offender, but his punishment was assessed at imprisonment for a term of seven (7) years, as provided by § 558.011.1(3), RSMo Supp.1984. Defendant appeals, contending that the evidence is not sufficient to support the verdict, and that the trial court erred in refusing an instruction on tampering in the second degree. We affirm.

The State has had a verdict. It is therefore entitled to have this court consider the evidence and the reasonable inferences to be drawn therefrom taken in the light most favorable to the State, rejecting all evidence and inferences which do not support the verdict. *State v. Franks*, 688 S.W.2d 787, 788 (Mo.App.1985); *State v. Netzer*, 579 S.W.2d 170, 173 (Mo.App.1979).

Willard Sadler and his wife owned an automobile which was primarily driven and cared for by their son Tony. Tony was a

17–year–old high school student. Early in the evening on September 3, 1984, Tony and his younger brother Greg drove the automobile to a convenience store in Joplin. They parked in front of the store and went inside to play video games. A store employee informed Tony "somebody was sitting in [his] car trying to start it." Tony went outside to see what the occupant of the vehicle was doing.

Tony opened the door to the vehicle—the door on the "driver's side"—and asked the occupant if he, Tony, "could help him." The occupant of the vehicle, identified as the defendant, told Tony to "get away from there or he would break [Tony's] arm." Police officers were summoned. The defendant remained in the automobile, trying to turn the ignition switch, until the officers arrived about 7 minutes after they were called.

The defendant was arrested and was given a *Miranda* warning. The defendant continued to ask why he had been taken in custody. One of the arresting officers advised the defendant he was under arrest for attempted auto theft. Defendant's volunteered response was " 'Hell, I was just going to drive the car around for a little while.' " This officer was of the opinion that the defendant was intoxicated, but observed no behavior indicating defendant "didn't know what he was doing."

■ The statute which the defendant was found to have violated, § 569.080.1(2), RSMo Supp. 1984, provides that a person commits the offense of first-degree tampering if:

"(2) He knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof."

Instruction No. 5, the verdict-director in this case, was MAI–Cr.2d 23.21. Defendant's guilt was submitted on a finding that he "knowingly possessed" the automobile. Calling attention to the ambiguity of the verb "possess," defendant argues that the type "possession" contemplated by § 569.-080.1(2), RSMo Supp.1984, "is more than a temporary or transient possession, but rather is of a permanent nature." Otherwise, counsel argues, the statute would authorize a conviction upon a mere trespass or unauthorized entry into or upon a motor vehicle.

For our purposes it is neither necessary to attempt to discover the General Assembly's intent in enacting § 569.080.1(2), RSMo Supp.1984, nor to undertake to define the verb "possess" as that word is used in the criminal law. One definition which seems appropriate in context is "seize or gain control of." *State v. Virdure*, 371 S.W.2d 196, 199 (Mo.1963). An automobile is not a chattel susceptible of being physically "possessed" like a pocket knife, but in our view, an automobile may be "possessed" without starting the motor and driving it off. *Cf. State v. Edmonson*, 371 S.W.2d 273, 275–76 (Mo.1963). This is not a case in which the accused merely sought to rest in or take refuge from the elements in an unattended vehicle. The defendant sought to exclude Sadler and all others from possession of the vehicle. Whatever the parameter of the word "possession" may be as it is used in § 569.080.-1(2), RSMo Supp.1984, and despite the fact that neither "possess" or "possession" is defined by statute or in the MAI–Cr.2d 33.00 series, it is clear to us that the defendant's activity constituted "tampering." The phrase "to tamper" is defined by § 569.010(7), RSMo 1978, thus:

"[T]o interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, *or to deprive, temporarily, the owner or possessor of that thing.*" (Our emphasis.)

It is manifest that the defendant's intention was to deprive the possessor (Tony Sadler) of his automobile. When Sadler approached defendant on the parking lot, the defendant told Sadler "[he] could get away from there or [defendant] would break [his] arm." By his own admission, the defendant intended to "drive the car around for a little while." Defendant's argument that the evidence was insuffi-

cient to support the verdict is without merit.

The defendant also argues that the trial court should have instructed the jury on tampering in the second degree as defined by § 569.090.1(1), RSMo Supp.1984, which provides that a person commits the crime of tampering in the second degree if he:

> "(1) Tampers with property of another for the purpose of causing substantial inconvenience to that person or to another."

■ The trial court was not required to instruct the jury on a lesser included offense unless there was a basis for acquitting the defendant of the greater offense and convicting him of the lesser. *State v. Lewis,* 642 S.W.2d 627, 630[6, 7] (Mo.banc 1982); *State v. Perkins,* 679 S.W.2d 410, 411[1–4] (Mo.App.1984). Put somewhat differently, the evidence must show a lack of an essential element of the greater offense to require instruction on the lesser. *State v. Perkins,* 679 S.W.2d at 411; *State v. Bockes,* 676 S.W.2d 272, 278[8] (Mo.App. 1984).

■ We find no want of substantial evidence that the defendant "knowingly possessed" the Sadler vehicle. Defendant exercised dominion and control over the automobile until he was forced to step out by police officers. There was no lack of any essential element of the greater offense, and no requirement that the trial court instruct upon second-degree tampering. The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.