**Tommie W. OVERSTREET,**
**Defendant-Appellant,**

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

**No. 52167.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 18, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Movant, Tommie W. Overstreet, appeals from the denial of his Rule 27.26 motion, after an evidentiary hearing. We affirm.

Movant's convictions for robbery second degree and stealing over $150 were affirmed on direct appeal. *State v. Overstreet*, 694 S.W.2d 491 (Mo.App.1985).

In this appeal, movant argues that the motion court erred in rejecting his claim of ineffective assistance of counsel because of counsel's (1) failure to request an instruc-

---

**1.** None of the other potential alibi witnesses could verify defendant's whereabouts at time of murder.

tion on a lesser included offense of stealing for the robbery second charge, and (2) failure to let movant testify on his own behalf at trial.

The underlying facts are that on August 21, 1983, at about 12:15 a.m., victim left the bar at the Henry VIII Motel and entered her car. Victim had consumed two drinks at the Sheraton Inn and one drink at the Henry VIII bar. While she was resting in her car, at approximately 3:45 a.m., two men awakened her, pulled her from the car and took her purse. Victim was subjected to sexual assault while a third man broke into a nearby recreational vehicle. Victim had the opportunity to observe the three men for nearly thirty minutes. She gave detailed descriptions of the three men to the police, including height, weight, age and clothing. She described the vehicle in which they fled. Another witness gave police the car's license number. Within a few hours, the three men, one of whom was movant, were apprehended in a car with that license number and identified by the victim.

The test for ineffective assistance of counsel is two-pronged. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979).

In his first point, movant asserts that the counsel's decision not to offer a lesser-included instruction on the robbery charge was trial error rather than trial strategy. He argues that there was a factual basis in the record for a finding that victim's purse was taken without force.

The motion court concluded there was no evidence that the robbery was anything other than a robbery. During the evidentiary hearing, trial counsel testified that he did not submit the lesser included instruction because there were no facts to substantiate it. That conclusion is supported by evidence in the trial record that physical force was used in the commission of the robbery. "The evidence must show a lack of an essential element of the greater offense to require instruction on the lesser offense." *State v. Perkins*, 679 S.W.2d 410, 411 (Mo.App.1984). Obviously counsel cannot be ineffective for failing to request an instruction to which he is not entitled. Since the motion court did not err in finding that there had been no factual basis for submitting a lesser-included offense instruction, we do not reach the issue of trial strategy. Movant's first point is denied.

In his second point, movant contends that his trial counsel was ineffective for failing to let movant testify on his own behalf. There is substantial evidence in the record to support the motion court's finding that movant voluntarily waived his right to testify when advised by trial counsel of the deleterious effect that movant's prior convictions would have on his credibility. Movant's second point is denied pursuant to Rule 84.16(b).

The judgment of the motion court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.