STATE of Missouri,
Respondent–Respondent,

v.

Anthony TWITTY, Defendant–Appellant.

Nos. 55086, 56487.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 26, 1990.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
Aug. 7, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Cheryl Rafert, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

KAROHL, Judge.

Defendant appeals concurrent sentences for robbery in the first degree and armed criminal action. He also appeals denial of post conviction relief under Rule 29.15.

At approximately 5:15 p.m. on October 27, 1987 John Barrale inserted the keys in the ignition of his pick-up truck when a man opened the driver's door and pointed a gun at him. The man ordered Barrale out of the truck, told him to leave the keys in the ignition, and asked if he had any money. When Barrale responded affirmatively, the robber demanded his money and fled in the truck.

At approximately 10:30 p.m., the same night, two police officers spotted a truck parked partially in the street at the Cotton Club. The officers ran a license plate check; learned the truck had been stolen in an armed robbery earlier in the day, and established surveillance of the truck. When defendant left the Cotton Club he opened the passenger side of the truck with a key and leaned into the truck. The officers placed him under arrest. The police searched the passenger compartment of the truck and found a loaded .38 caliber revolver.

Police conducted an inventory search of defendant at the police station. During the search defendant removed a .38 caliber cartridge from his right front pocket. A line-up was conducted at approximately 2:30 a.m. the next morning, and Barrale identi-

fied defendant as the man who took his money and his truck at gunpoint. The victim had previously described his assailant as wearing a white jacket and white trousers. Defendant was the only person in the lineup dressed all in white.

At trial defendant offered the testimony of three alibi witnesses but did not testify in his own defense. The jury found defendant guilty as charged. On June 24, 1988 he was sentenced as a persistent offender to life imprisonment for robbery in the first degree and ten years imprisonment for armed criminal action. The sentences are to run concurrently.

Defendant asserts in his first point on appeal that the trial court erred when it denied his motion to suppress the identification. Defendant claims the identification should have been suppressed for two reasons: (1) the lineup was impermissibly suggestive and therefore unreliable, and (2) appellant was denied right to counsel at the lineup.

■ A two-step analysis is required to determine the admissibility of an out-of-court identification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *State v. Higgins*, 592 S.W.2d 151, 159 (Mo. banc 1979), appeal dismissed, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). Using this test we must determine whether the investigatory procedures employed by the police were impermissibly suggestive. If we find they were we must ask further, "were they so impermissibly suggestive as to create a very substantial likelihood of an irreparable misidentification at trial." *State v. Higgins*, 592 S.W.2d at 159. In the present case defendant alleges the lineup was impermissibly suggestive because he was the only person in the lineup dressed in white and the victim described his assailant to the police as having worn a white jacket and white trousers. There have been several similar cases in Missouri. In *State v. Howard*, 699 S.W.2d 58, 59 (Mo.App.1985) the defendant was the only one in a lineup wearing a shower cap such as the assailant was described as wearing and was also the only person in the lineup required to show

his teeth to the victims. The identification of this defendant was ruled not to be impermissibly suggestive. Another Missouri case presents a situation remarkably similar to that in the instant case. In *State v. Gray*, 741 S.W.2d 35 (Mo.App.1987) defendant appeared in a line-up dressed in a jacket resembling the one victims had previously described to the officers on the night of a robbery. The court held this was not impermissibly suggestive. Defendant agreed to appear in the lineup. Also, when he surrendered to police, he was wearing the jacket and nothing in the record reflects the police forced him to wear the jacket when victims viewed him in the lineup. "Further, dissimilarity and physical appearance alone are insufficient to establish impermissible suggestiveness." *State v. Gray*, 741 S.W.2d at 37.

Reliability rather than suggestiveness is the lynchpin in determining the admissibility of identification testimony and "reliability is to be assessed under the totality of circumstances." *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App.1986) quoting *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). "The reliability of the identification dispels any cloud cast by defendant's assertion of suggestiveness." *State v. Gray*, 741 S.W.2d at 37–38.

Although a show-up presents a suspect in a suggestive light, that does not automatically transform a reliable identification into an unreliable one. The factors to consider in determining the reliability of a witness's identification are the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated at the confrontation, and the amount of time between the crime and the confrontation.

*State v. Conway*, 740 S.W.2d 320, 324 (Mo. App.1987) citing *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

In the present case the victim was robbed at gunpoint by a man whose face

**564**

was not hidden from view. The armed robber took the time to ask the victim a question and waited for a response. The victim then handed his wallet to him. The victim had abundant opportunity to view the defendant's face. Also, less than ten hours passed between the time of the crime and the lineup, and the victim was adamant that defendant was the man who robbed him. Further, the arrest was made within that period when defendant used the victim's keys to enter the stolen truck. This fact reinforces the identification. We find the lineup was suggestive, but not impermissibly so.

■ Defendant's second reason for suppressing the identification is also without merit. Defendant claims he was denied the right to counsel at the time of the lineup. This argument was not advanced before the trial court and "[a] trial court will not be held to have committed error for a reason not presented to it." *State v. Jones,* 594 S.W.2d 932, 938 (Mo.1980). This issue was not raised in the original motion to suppress identification, and we review only for plain error.

The right to counsel arises at the time of initiation of adverse proceedings against the defendant. *State v. Beck,* 687 S.W.2d 155, 160 (Mo. banc 1985). At the time of lineup in the present case adverse proceedings had not been initiated against the defendant. Therefore, the trial court did not err when it denied defendant's motion to suppress the identification.

■ Defendant, who was black, next argues he was denied a fair trial because the prosecutor used three peremptory challenges to exclude blacks from the jury in violation of the equal protection and due process clauses of the United States and Missouri Constitutions.

The trial court found defendant did not establish a prima facie case of racial discrimination, but nevertheless heard the prosecutor's reasons for the strikes to make a record for appellate review. The prosecutor struck venirepersons Royce Bond, Albert Turner and Jerry Grother, all of whom were members of the black race.

The prosecutor stated she struck Royce Bond because she was friends with two Kinloch Police Officers and two key witnesses were from the Kinloch Police Department. Defendant alleges white members of the venire panel who were not struck had friends who were police officers. However, the prosecutor explained none of the white members had friends on the Kinloch Police Department.

The prosecutor said she struck Albert Turner because he stated he had been thrown into lineups on several occasions for no reason and did not believe the police treated him fairly. The prosecutor explained the credibility of the police officers was important to the state's case and she did not believe Turner could be fair.

The prosecutor stated she struck Jerry Grother from the panel because he believed police officers could lie, he was unemployed, and because he had trouble keeping a job.

"A reviewing court may not reverse a trial court's decision as to whether the prosecutor discriminated in the exercise of his peremptory challenges unless it finds that decision clearly erroneous." *State v. Griffin,* 756 S.W.2d 475, 482 (Mo. banc 1988).

The trial court in the present case found defendant did not establish a prima facie case of discrimination. Although the prosecutor struck three black venirepersons, the resulting jury was not monochromatic. The presence of four blacks on the jury undercuts defendant's claim of error and supports the trial court's decision defendant was not denied an impartial jury. *State v. West,* 766 S.W.2d 103, 112 (Mo. App.1989). [Three black jurors provided an impartial jury.]

Even if there had been prima facie proof of discrimination, the prosecutor rebutted defendant's contention of discrimination with neutral explanations for striking black venirepersons. Appellant failed to demonstrate the state's explanations were merely pretextual as required by *State v. Antwine,* 743 S.W.2d 51, 65–66 (Mo. banc 1987).

Defendant's third claim of error is the trial court abused its discretion when it prevented defense counsel from asking the venire panel certain questions regarding identification. Defendant claims the trial court's action deprived him of his right to a full panel of qualified venirepersons and therefore of his right to due process, equal protection and a fair and impartial jury.

■ The content of questions addressed to venirepersons is within the discretionary control of the trial court, "and the exercise of such discretion will be disturbed on appeal only when a manifest abuse thereof is disclosed." *State v. Norton,* 681 S.W.2d 497, 498 (Mo.App.1984).

■ Defense counsel was not permitted to ask two questions. One was only part of a question, "Do you think an identification made under a stress situation—." Defense counsel never offered the rest of the question. However, the trial court sustained the prosecutor's objection that defense counsel was "trying to commit the jury to something that she thinks she may or may not prove."

It is well established in Missouri that counsel may not extract a commitment from a venireperson to a particular course of action. *State v. Roberts,* 709 S.W.2d 857, 865 (Mo. banc 1986). Also, questions by defense counsel regarding whether one who was nervous or frightened would be more apt to make a mistake is an improper attempt to seek a commitment from the jury. *State v. Newman,* 651 S.W.2d 185, 186 (Mo.App.1983).

■ Defense counsel was also not permitted to ask, "How many persons feel that an eyewitness identification is always correct?" The trial court sustained the state's objection to this question and ruled the question was repetitive. Prior to this question defense counsel was permitted to ask over objection: "Will you be able to follow the law, take into consideration all the evidence? Would you find someone guilty quite simply because a witness points them out as the guilty person?" We agree with the trial court that defense counsel's questions were repetitive. Fur-

ther, given the earlier questions which were permitted, defendant fails to show any prejudice.

■ At trial defendant made a motion to suppress physical evidence including clothing, a gun, keys, and a .38 caliber bullet. He alleges the trial court erred when it overruled this motion. Defendant does not contend the police lacked probable cause to arrest him. He was arrested while inside the stolen truck. Police found the .38 caliber revolver during a search of the passenger compartment of the truck immediately after arresting the defendant.

After the arrest defendant was taken to the police station where an inventory search was conducted. The .38 caliber bullet was recovered from defendant's pocket during this inventory search. It is proper for police to remove and list or inventory property found in the possession of an arrested person. *State v. Friend,* 711 S.W.2d 508, 510 (Mo. banc 1986).

Also, defendant was wearing the clothing in question at the time of arrest, and clothing taken from a defendant at the police station is "valid both as incident to a lawful arrest and as an inventory procedure." *State v. McCabe,* 708 S.W.2d 288, 291 (Mo.App.1986). The admitted evidence was not improperly seized, therefore the trial court did not err when it failed to suppress it.

■ Defendant's fifth point claims the trial court erred by refusing to give a lesser included offense instruction of robbery in the second degree.

"An instruction on a lesser included offense is required only if defendant requests it and there is evidence to support an acquittal of the greater offense and conviction of the lesser offense." *State v. Perkins,* 679 S.W.2d 410, 411 (Mo.App.1984) citing § 556.046.2, RSMo 1978; *State v. McIntyre,* 654 S.W.2d 188, 190 (Mo.App. 1983).

Here, defendant requested the instruction and offered evidence to support acquittal on the greater offense. However, defendant used an alibi defense and failed to challenge the victim's testimony he was

robbed at gunpoint. Therefore, there is no evidence to support conviction of the lesser offense.

█ Defendant's next point is the trial court erred by admitting into evidence the state's ballistics report because the state failed to disclose this evidence in a timely manner.

Defense counsel made a motion to exclude the testimony of the state's ballistics expert, Frank Stubits, based on an alleged violation of the rules of discovery. The prosecutor informed the court she had personally phoned defense counsel and endorsed Frank Stubits as an expert witness. She also claimed she personally placed a copy of the report in the public defender's mailbox. Defense counsel admitted receiving the endorsement by telephone but claimed she never received a copy of the ballistics report.

█ The determination of whether the state has violated the rules of discovery rests solely within the sound discretion of the trial court. *State v. Biggs*, 713 S.W.2d 618, 621 (Mo.App.1986). Defense counsel's contention that she did not receive a copy of the report does not require a finding the state violated discovery rules. The trial court did not abuse its discretion.

█ The seventh point on appeal concerns sufficiency of the evidence. "In reviewing the record to ascertain whether there was sufficient evidence, we will accept as true all evidence, whether circumstantial or direct, tending to prove defendant guilty together with all reasonable inferences supportive of the verdict." *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984). Evidence and inferences contrary to the verdict must be disregarded. *State v. Shaw*, 602 S.W.2d 17, 19 (Mo.App.1980).

No one disputed the robbery occurred. The victim testified defendant robbed him at gunpoint, taking his money and his truck. Defendant was arrested later that night when he unlocked the stolen truck with a key and leaned in. Police found a .38 revolver in the passenger compartment of the truck and defendant had a .38 bullet in his right front pocket. There was an abundance of evidence to support a verdict of guilty for robbery in the first degree.

Defendant's final two points involve claims of ineffective assistance of counsel. He claims the motion court erred by overruling his Rule 29.15 motion. Defendant claims his counsel was ineffective because she: (1) failed to contact and present an alibi witness, and (2) deprived him of his right to testify.

In order to establish a claim for ineffective assistance of counsel defendant must show his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

█ Defendant claims he told his attorney that Michelle Erics could verify he was not present at the crime scene when the offense occurred and counsel failed to take adequate measures to locate Erics.

Evidence adduced at the motion hearing supports a finding defense counsel made a diligent effort to locate and confront Erics, but was unsuccessful. Although defendant gave his attorney Erics' name, he offered no address. Counsel contacted defendant's mother who told counsel Erics did not wish to get involved. Counsel eventually located and visited Erics' address and left a card with an occupant at the residence. Counsel also mailed letters to Erics at this address, and sent investigators there on several occasions. All these efforts were unsuccessful. Point denied.

█ Defendant claims his trial counsel exaggerated the risks of testifying and thereby deprived him of his right to testify. Counsel testified before the motion court, "Anthony [defendant] told me right at the start that he did not want to testify." She stated defendant never told her he wanted to take the stand, and defendant had a serious prior criminal record. His record would have been exposed to the jury if he had testified.

In order to overcome the motion court's determination, appellant must show the court's findings, conclusions and judgments were clearly erroneous. *Gotthardt v. State*, 620 S.W.2d 440, 441 (Mo.App. 1981). The evidence in the present case shows the motion court properly found trial counsel made a diligent effort to contact the potential alibi witness and defendant voluntarily chose not to testify.

Finally, defendant claims the motion court erred because it failed to issue findings of fact and conclusions of law when it denied his Rule 29.15 motion concerning two allegations of ineffective assistance of counsel. Defendant claimed his counsel failed to strike a venireperson who stated she would hold it against him if he did not testify. He also claimed defense counsel failed to persuasively argue and challenge the prosecutor's case.

Although defendant raised these issues in his pro se motion, no testimony concerning these issues was given during the evidentiary hearing. Where an appellant has failed to provide substantive evidence at a hearing to support an allegation, a court cannot be found to have erred in deciding not to make findings of fact and conclusions of law on the allegations. *Johnson v. State*, 615 S.W.2d 502, 506 (Mo.App.1981); *Rumble v. State*, 741 S.W.2d 283, 285 (Mo. App.1987).

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.