**NATIONAL AUTOMOTIVE TRADING CORPORATION OF CHINA,**
Appellant,

v.

**PIONEER TRADING COMPANY, INC.;**
**American Chrome Company, Inc.,**
Defendants,

**David T.C. Hou; Cathy T.S. Hou,**
**also known as Cathy T.S.**
**Xu, Appellees.**

**PIONEER TRADING COMPANY, INC.;**
**American Chrome Company, Inc.,**
Counter–Claimant,

v.

**NATIONAL AUTOMOTIVE TRADING CORPORATION OF CHINA, Counter–**
**Defendant–Appellant.**

**No. 94–2868.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 2, 1995.

Thomas Darling, Minneapolis, MN, argued (Charles Maier, on the brief), for appellant.

Brent I. Clark, Chicago, IL, argued (Kevin Narko, Chicago, IL, Rand S. Wonio, Davenport, IA, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

PER CURIAM.

The sole issue on this appeal is whether the district court[1] committed reversible error by employing an improper jury instruction.

Pioneer Trading Company, Inc. (Pioneer) and American Chrome Company (American Chrome) entered into a business transaction with National Automotive Trading Corporation of China (NATC) and China National Automotive Industry Import & Export Corporation (CAIEC). The business relationship failed, and the parties entered into two written settlement agreements which also eventually failed.

1. The Honorable Harold D. Vietor, United States District Court for the Southern District of Iowa.

2. We have affirmed the summary judgment for NATC granted by the district court. *National*

On March 19, 1991, NATC filed a complaint against Pioneer, American Chrome, David T.C. Hou and Cathy T.S. (Xu) Hou, alleging a breach of the settlement agreements. With regard to the claims against David and Cathy Hou, NATC sought to pierce the corporate veils of Pioneer and American Chrome, claiming that David and Cathy Hou are individually liable.

The district court granted summary judgment in favor of NATC on all claims,[2] except the claims regarding NATC's attempt to pierce the corporate veils. NATC's claims to pierce the corporate veils and establish personal liability of David and Cathy Hou were tried before a jury. On June 22, 1994, the jury returned a verdict in favor of David and Cathy Hou, refusing to pierce the corporate veils of Pioneer and American Chrome.

On appeal, NATC asserts that the district court committed reversible error by submitting an improper jury instruction, Jury Instruction No. 5, regarding piercing the corporate veil. Jury Instruction No. 5 reads:

"Corporate privilege" is the right of a shareholder of a corporation to not be held personally liable for the debts of the corporation. A shareholder may be held personally liable for corporate debts only in exceptional circumstances in which the shareholder abuses the privilege. An abuse may be found when the corporation is a mere shell, or serves no legitimate business purpose, or is used by the shareholder primarily as a means to commit fraud or promote injustice. Factors that tend to establish abuse of the corporate privilege include the following:

(1) The corporation is undercapitalized.

(2) The corporation lacks separate books.

(3) The corporation's finances are not kept separate from individual finances or individual obligations are paid by the corporation.

*Automotive Trading Corporation of China v. Pioneer Trading Company,* 46 F.3d 841 (8th Cir. 1995).

(4) The corporation is used primarily to promote fraud or illegality.

(5) The corporate formalities are not followed.

(6) The corporation is a mere sham.

Appellant's Adm. at 008.

NATC argues that the district court improperly used a form jury instruction without a thorough, independent evaluation of the law, that the instruction overemphasized fraud and exceptional circumstances, and that the district court failed to instruct that if the jury found any one of the enumerated factors it could rule in favor of NATC. NATC's arguments lack merit.

■ On appeal, we read jury instructions as a whole and consider the instruction in light of the entire charge. *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1197 (8th Cir.1982), *cert. denied*, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983). In considering the jury charge as a whole, "it should state the 'governing law fairly and correctly' and should not be 'inflammatory or unfair or prejudicial' to either the plaintiff or the defendant." *Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 711 (8th Cir. 1984) (quoting *Hartman v. United States*, 538 F.2d 1336, 1346 (8th Cir.1976)). "Where the instructions, considered as a whole, adequately and sufficiently state the generally applicable law, the fact that the instructions are technically imperfect or are not a model of clarity does not render the charge erroneous." *Tribble*, 669 F.2d at 1197.

Jury Instruction No. 5 accurately and fairly states the Iowa substantive law governing piercing the corporate veil. Iowa law sets forth the factors that must be considered in determining whether to pierce the corporate veil, and the language in Jury Instruction No. 5 mirrors the specific language used by Iowa courts in setting forth those factors. *E.g., C. Mac Chambers Co. v. Iowa Tae Kwon Do Academy, Inc.*, 412 N.W.2d 593, 598 (Iowa 1987).

The district court did not commit error by relying upon a pattern jury instruction in fashioning Jury Instruction No. 5. Accordingly, we affirm.