_____

No. 95-1342
_____

Mary Lou Graham,                        *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
Bill Harman, of the Joplin              *
Police Department; City of              *
Joplin, Missouri; David                 *
Niebur; Michael Talley,                 *
                                        *
          Appellees.                    *

      _____                       Appeals from the United States
                                        District Court for the
No. 95-2124                             Western District of Missouri.
      _____
                                            [UNPUBLISHED]

Mary Lou Graham,                        *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
Bill Harman, of the Joplin              *
Police Department; City of              *

Joplin, Missouri; David Niebur;         *
Michael Talley,                         *
                                        *
          Appellees.                    *


                        _____

          Submitted: January 26, 1996

                Filed: March 5, 1996
                        _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                        _____

PER CURIAM.

Mary Lou Graham appeals the district court's[1] orders granting partial summary judgment for defendants in her 42 U.S.C. § 1983 action, entering judgment in favor of defendants following a jury trial on her supplemental state-law claim, and denying her motion for a new trial. We affirm.

During a traffic stop conducted by a Joplin, Missouri police officer, Graham produced an out-of-state driver's license. When the officer asked Graham her age, she refused to tell him, and after the officer called for back-up, she asked him if she was free to go and started her car. The officer then grabbed Graham's keys out of the ignition, and advised her that she was under arrest for obstruction. See Joplin, Mo., Code § 26-5 ("[i]t shall be unlawful for any person to knowingly and willfully obstruct, resist, or oppose any officer of the city . . . in the discharge of any . . . duty. . . . [P]hysical obstruction, . . . failure to fully cooperate, etc., shall be deemed violations of this section").

Graham instituted this action asserting that her arrest was unlawful, as she did not withhold any information that was not available on her driver's license, and that the obstruction ordinance was overly broad and thus facially unconstitutional. She also maintained that the Joplin Police Department had a policy of unlawful searches and seizures, and had insufficiently trained its officers. Finally, Graham contended that after her arrest, she was subjected to an unlawful strip search at the city jail. See Mo. Rev. Stat. § 544.193.2 (1987) (generally, no person arrested for a non-felonious offense may be strip-searched).

The district court granted summary judgment for defendants on Graham's section 1983 claims, concluding that the officer was entitled to qualified immunity; rejecting Graham's challenge to the

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

validity of the ordinance; and finding insufficient evidence to support her claim that the police department had a policy of unlawful searches and seizures, and inadequately trained its officers. The district court denied summary judgment as to the strip-search claim, however, concluding that a genuine issue of material fact existed regarding whether Graham was strip-searched. Following a trial on this claim, the jury returned a verdict for defendants. The district court subsequently denied Graham's motion for a new trial, in which she challenged the jury instruction delineating Missouri's definition of a strip search. This appeal followed.

Upon our review of the record, we agree with the district court that the police officer was entitled to qualified immunity, as he had at least arguable probable cause to arrest Graham for violating the obstruction ordinance. See Gorra v. Hanson, 880 F.2d 95, 97 (8th Cir. 1989). When Graham refused to tell the officer her age, the officer could have reasonably believed she was failing to fully cooperate in his effort to determine the validity of her out-of-state license. Given this initial refusal to cooperate, Graham's subsequent act in starting her car could have caused the officer to reasonably believe that Graham was physically obstructing his duties by attempting to flee before he could issue her a traffic citation. Cf. Lennon v. Miller, 66 F.3d 416, 424 (2d Cir. 1995) (officers were qualifiedly immune from arrestee's false-arrest claim, as they could have reasonably believed she obstructed governmental administration by locking herself in automobile and attempting to start engine with apparent intention of driving away).

We also agree with the district court that Graham's challenge to the validity of the obstruction ordinance fails, because the ordinance "provide[s] reasonable notice to persons of ordinary intelligence" as to what conduct it prohibits. United States v. J.H.H., 22 F.3d 821, 828 (8th Cir. 1994). The record is void of

any evidence supporting Graham's claim that the police department had a policy of unlawful searches and seizures, and failed to train its officers. Thus, we conclude that the court properly granted summary judgment on Graham's section 1983 claims.

The jury's verdict on Graham's state law strip-search claim was likewise proper. Contrary to Graham's contention on appeal, the testimony of the police matron who conducted the search indicates that Graham was not strip-searched, because the type of search described did not involve "the removal or rearrangement of . . . clothing . . . so as to permit inspection of the genitals, buttocks, anus, breasts, or undergarments." Mo. Rev. Stat. § 544.193.1(2) (1987). We conclude further that the district court accurately instructed the jury as to what constitutes a strip search by quoting the above statutory definition, adding that it is not unlawful to require the removal of clothing for safety purposes, cf. State v. Friend, 711 S.W.2d 508, 510 (Mo. 1986) (en banc) (safety concerns support removal of property from detainees), and omitting only irrelevant provisions of the strip-search statute. See National Automotive Trading Corp. of China v. Pioneer Trading Co., 46 F.3d 842, 844 (8th Cir. 1995) (per curiam) (jury instructions proper where they adequately and sufficiently state generally applicable law). Because the instruction was proper, the district court did not abuse its discretion in denying Graham's motion for a new trial. See Keenan v. Computer Assocs. Int'l, 13 F.3d 1266, 1269 (8th Cir. 1994) (standard of review).

Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.