STATE of Missouri,
Plaintiff–Respondent,

v.

Darryl FRISON, Defendant–Appellant.

Darryl FRISON, Movant–Defendant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 53832, 55550.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Janice C. Good, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Darryl Frison, was convicted by jury on Count I, Illegal Possession of Schedule II controlled substance, cocaine; and, Count II, Illegal Possession of Schedule I controlled substance, marijuana under thirty-five (35) grams. Section 195.020 RSMo 1986. Defendant was sentenced as a prior offender under § 558.016 and § 557.036.4 RSMo 1986 on Count I to five years imprisonment and on Count II to six months imprisonment to be served concurrently.

On direct appeal defendant claims the trial court erred in overruling: (1) his *Batson* challenge to the state's use of peremptory strikes, and (2) his objections to the state's reference to his prior convictions on cross-examination and in closing argument. In his Rule 29.15 motion defendant claims ineffective assistance of counsel because trial counsel allowed evidence of an outstanding warrant on defendant for possession of marijuana into evidence. We affirm.

On February 23, 1987, defendant drove by Officers Will and Lachenicht of the City of St. Louis Police Department. Officer Lachenicht recognized the defendant as being wanted on a bench warrant for possession of marijuana. Defendant was pulled over and arrested. Officer Will made a pat-down search of defendant and found a plastic bag which contained marijuana and three packets of cocaine.

Defendant's first claim of error on direct appeal is the trial court erred in overruling defendant's *Batson* motion. On review of a *Batson* issue, a trial court's

finding of no discrimination is a finding of fact, which we will not set aside unless clearly erroneous. *State v. Antwine,* 743 S.W.2d 51, 66 (Mo. banc 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988).

■ Defendant, a black man, made his *Batson* motion after the state used its peremptory strikes to remove the four blacks who remained on the venirepanel after six black venirepersons were removed for cause on the state's motion. The court found defendant established a prima facie case of discrimination under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This ruling shifted the burden of production to the state to rebut a resulting presumption of discrimination. *State v. Antwine,* 743 S.W.2d at 64 (citing *Batson v. Kentucky,* 476 U.S. at 97, 106 S.Ct. at 1723, 90 L.Ed.2d at 88). Accordingly, the court directed the state to offer neutral explanations for challenging the four black venirepersons.

■ The state offered the following explanations. Venireperson Payne was peremptorily struck because her son was convicted and served time for auto theft. Venireperson Grant was challenged because her ex-husband served time on a manslaughter conviction. Venireperson Brown was struck for two reasons. First, a brother had been convicted of stealing, and second, Brown did not press charges against an individual who was caught for burglarizing his home. Finally, venireperson Thomas was challenged because Thomas could not remember whether her prior jury service was civil or criminal, or if there had been a verdict. In addition, Thomas indicated displeasure when she stated her automobile was stolen and the police did not respond to her report of the theft.

■ The trial court found these explanations were sufficient. It refused to allow defendant an opportunity to respond to the neutral reasons given by the state. This was error in light of the subsequent opinion in *Antwine,* 743 S.W.2d at 64. Defendant now must be allowed an opportunity to demonstrate the state's explanations are pretextual rather than true reasons. *Id.*

*Antwine* was handed down three months after this trial and *Antwine's* expansion of *Batson* is to be applied prospectively only. *State v. Griffin,* 756 S.W.2d 475, 482 (Mo. banc 1988). Further, in cases tried after *Batson* but before *Antwine,* the challenge was made and ruled during the trial. The trial court heard the same voir dire as defendant and was not uninformed on the validity of explanations. Hence, a detailed argument to support a claim of pretext was not absolutely necessary to guide the court.

■ Defendant claims the court's finding of no discrimination is erroneous because the state did not challenge similarly situated white jurors. Susceptibility, possibility of advantage and evaluation are the three considerations of analysis required of a trial court in determining the validity of a neutral explanation. *State v. Jackson,* 763 S.W.2d 349, 350 (Mo.App.1988). One criteria for consideration under the evaluation is the state's treatment of similarly situated white venirepersons. *Antwine,* 743 S.W.2d at 65. However, failure to strike a similarly situated white juror does not mandate reversal, it is only a factor to be considered by the trial court. *State v. Rogers,* 753 S.W.2d 607, 610 (Mo.App.1988) (citing *Antwine,* 743 S.W.2d at 65).

Specifically, defendant claims the following white venirepersons who had friends and relatives convicted of crimes were not challenged by the state. Dodson had a friend and Cole had a brother arrested on drug charges. Dohle had a nephew whose daughter was in jail but Dohle was not aware of the surrounding circumstances. Finally, Schuette had a nephew who was caught and accused of property damage. The record indicates, however, these white venirepersons were not similarly situated to Payne and Grant so as to make the state's neutral explanations only facially legitimate. Unlike the challenged black venirepersons, these white venirepersons were remotely related to those who were arrested or convicted of a crime. Furthermore, the crimes involved are of a less serious nature than manslaughter or auto theft. *See generally, State v. Tolliver,* 750 S.W.2d 624, 628 (Mo.App.1988) (Explana-

tions held to be sufficiently race neutral against the background of the case include: (1) venireman was a relative of a felon; and, (2) venireman had two sons in trouble with the law).

Defendant claims venireperson Dorsey, a white woman, was similarly situated to venireperson Brown, a black man. Defendant correctly points out that Dorsey did not assist the state in the prosecution of her robbery case. We agree that Dorsey is similarly situated to Brown, who failed to press charges against an individual who burglarized his home. We note the state used its peremptory challenges to strike both Dorsey and Brown.

Defendant also believes white venirepersons who were victims of crimes in which no suspects were ever apprehended are similarly situated to Thomas. We do not agree. Thomas had a car stolen. Thomas called the police to report the incident, but the police failed to respond to her call. Thomas is not similarly situated to these venirepersons. This case hinged on the believability of a police officer versus defendant's credibility. Her experience was not only as a victim but one who the police disappointed by failing to respond. The state was justified in striking a venireperson who might be prejudiced against police officers.

■ Under *Batson* the state is entitled to rely upon hunches and past experience so long as racial discrimination is not the motive. *Antwine*, 743 S.W.2d at 65. We conclude the neutral explanations provided by the state were sufficient to rebut any presumption of discrimination and the findings of the trial court are not clearly erroneous. *See State v. Antwine*, 743 S.W.2d at 66. Point denied.

■ Defendant's second claim of error is the trial court erred in allowing the state to cross-examine defendant regarding his prior convictions and allowing the state to argue the prior convictions during closing argument in violation of § 491.050 RSMo 1986. Section 491.050 allows the state to use the defendant's prior convictions to impeach his credibility.

On direct examination defendant testified to the nature and number of his prior convictions, and the sentences received therein. Defendant's testimony included statements that he pled guilty on three separate occasions to possession of marijuana. On cross-examination the state asked defendant if he had pled guilty to each of his prior convictions. In closing the state referred to defendant's prior convictions and time served.

■ When the defendant testifies, he is subject to cross-examination and impeachment. Section 546.260 RSMo 1986. In a criminal trial the state has an absolute right to demonstrate, on cross-examination, prior convictions and the nature and kind thereof for the purposes of impeachment, limited only by the restriction, that the cross-examiner should not be permitted to go into details of the crimes leading to prior convictions. *State v. Silcox*, 694 S.W.2d 755, 756 (Mo. App.1985). The state may inquire into the nature, date and place of prior convictions and the resulting sentences. *State v. Lane*, 613 S.W.2d 669, 679 (Mo.App.1981). The extent of cross-examination of an accused rests within the discretion of the trial court. We will not interfere absent an abuse of discretion. *State v. Manns*, 745 S.W.2d 768, 774 (Mo.App.1988).

Here the court did not abuse its discretion in allowing the state to exercise its right to demonstrate the defendant's prior convictions. The state did not ask defendant questions regarding details of the crimes leading to his prior convictions. From the record, we determine the state referenced the defendant's prior convictions on cross-examination for the legitimate purpose of impeachment. This permissible use of a prior conviction is expressly authorized by statute. Section 491.050 RSMo 1986.

■ Defendant asserts the state used the prior convictions for an impermissible reason when the state argued in closing, "[h]e (defendant) was aware of the nature and the content of the substance. Well, the defendant testified that he'd been convicted of possession of marijuana before. He knows what marijuana is." However, a prosecutor is allowed to argue

the evidence properly admitted to the case and to draw non-evidentiary conclusions fairly justified as inferences from the evidence. *State v. Rice*, 689 S.W.2d 760, 762 (Mo.App.1985). By pleading guilty to possession of marijuana charges defendant inferentially acknowledged he was familiar with marijuana and would recognize its appearance. Point denied.

Defendant also makes a claim of ineffective assistance of counsel under Rule 29.15. He contends trial counsel was ineffective for allowing into evidence an outstanding warrant on defendant for marijuana possession. The motion court denied defendant's claim without an evidentiary hearing.

■■■ Our review of a post conviction relief ruling is limited to determination of whether the findings and judgment of the trial court are clearly erroneous. Rule 29.-15(j); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The findings are clearly erroneous only if review of the entire record leaves an impression that a mistake has been made. *Sanders*, 738 S.W.2d at 857. To prevail on an ineffective assistance of counsel claim defendant has the burden of proving trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would perform under the circumstances, and as a result of trial counsel's lack of skill and diligence, he was prejudiced. *Id.* If the defendant fails to satisfy one prong we need not consider the other. *Id.*

■■■ Defendant contends that but for trial counsel's actions, the jury would not have known about the outstanding warrant for defendant for possession of marijuana. Initially, the police officers stopped the defendant on the basis of an outstanding warrant for marijuana possession. Trial counsel filed a pretrial motion to preclude evidence of the warrant, or, if evidence of the warrant was allowed, to prohibit reference of the fact the warrant was issued for possession of marijuana. The court granted counsel's motion to prevent the police officer from testifying to the basis of the outstanding warrant. The police officer was limited to testifying the defendant was stopped and arrested on an outstanding warrant. The court denied trial counsel's

motion to prohibit the officer from testifying to the existence of the warrant, in order to allow the state to prove that the defendant was legally arrested.

Defendant claims trial counsel "opened the door" to prejudicial evidence of other crimes, namely the outstanding warrant for possession of marijuana, on trial counsel's cross-examination of Officer Will. Defendant's argument is without merit. The existence of the warrant was admitted into evidence upon the state's direct examination of Officer Will. Trial counsel objected vigorously to introduction of the evidence of the outstanding warrant. Furthermore, trial counsel's pretrial motion effectively prevented the state from opening the door to the basis of the outstanding warrant, possession of marijuana, which was one of the charges pending against defendant. There is no reason to find defendant's trial counsel was ineffective. Defendant has failed to meet his burden of showing ineffective assistance of counsel. *Sanders*, 738 S.W.2d at 857. Point denied.

We affirm the conviction of the defendant and judgment of the court.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.