STATE of Missouri,
Plaintiff/Respondent,

v.

James SIMMONS, Defendant/Appellant.

James SIMMONS, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 57128, 60110.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 25, 1992.

Brad B. Baker, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

CRANE, Judge.

A jury found James Simmons guilty of first degree assault in violation of § 565.-050 RSMo 1986 and armed criminal action in violation of § 571.015 RSMo 1986. The trial court found Simmons to be a prior offender and sentenced him to fifteen years on each count, the sentences to run concurrently. Simmons filed a Rule 29.15 motion for post-conviction relief which was denied after an evidentiary hearing. Simmons appeals both the judgment of the trial court and the order of the motion court. On direct appeal Simmons contends that the trial court erred in allowing the state to cross-examine him concerning the details of a plea agreement reached on a past felony and in permitting the state to file a substitute information changing the alleged time of the offense. On appeal from the order of the motion court, Simmons argues that he was denied effective assistance of counsel in that his attorney argued in opening statement a matter which he was unable to prove. We affirm both the judgment of the trial court and the order of the motion court.

## DIRECT APPEAL

The sufficiency of the evidence to sustain Simmon's conviction is not in dispute. The charges arise from an incident in which Simmons stabbed Robert Griffin, Jr. three times after Griffin told him that he wanted Simmons' cousin to leave a party because he was intoxicated.

■ For his first point Simmons contends that the trial court erred in allowing the state to cross-examine him regarding the details of a plea agreement reached on past felony convictions. Simmons maintains that the state was precluded from inquiring into the details of the plea agreement because his testimony had not placed these details in issue. We disagree. As found by the trial court, Simmons' testimony had placed these details into issue and the trial court did not abuse its discretion in permitting cross-examination thereon.

During direct examination Simmons testified that he had pleaded guilty to two counts of second degree burglary. On cross-examination, however, Simmons admitted that in the same proceeding he had also pleaded guilty to two additional counts of stealing. During redirect defense counsel attempted to clarify for the jury that Simmons had misunderstood the implications of his prior record and elicited the following testimony:

Q You pled guilty to burglary in the second degree and stealing over $150.00 in both these files?

A Yes, sir.

Q If you add counts, that was four felonies?

A Yes, sir.

Q But you were just taking into account that the burglary second and stealing are one, that's what your inclined to—

A Yes.

Q You were just mixed up; is that right?

A Yes, sir. Cause it was my—what I got in court and pleaded to, I truly know I was wrong. I pleaded guilty. I accepted that as it is. And then as

the public defender that represented me and the judge told me they ran the felonies together as one three year sentence.

Q So, what you're thinking of is that that running together as all those four felonies you only received three years on?

A Yes, sir.

DEFENSE COUNSEL: O.K. I have nothing further.

The prosecuting attorney then cross-examined Simmons about his reason for pleading guilty in the previous case.

Q You pled guilty. You are saying you pled guilty and you wanted to plead guilty for—

A I pled guilty because I knew the—I knew the thought was the cause of it all. I knew that my bad thinking about doing these kinds of things led to that. I was wrong, sir. That's why I pled guilty, sir.

Q You also got a plea bargain that—

DEFENSE COUNSEL: I object, Your Honor.

PROSECUTOR: He's saying he pled guilty because he had bad thinking. I have a right to go into what the real reason was.

THE COURT: I will overrule the objection.

Q (By prosecutor): You pled guilty because you had a plea bargain that you accepted, you liked, you cut a deal and you pled up three years on these two files to get both files together. That's why you pled guilty?

DEFENSE COUNSEL: Your Honor, I'm going to object. May we approach the bench?

At the bench conference the trial court overruled the objection on the basis that Simmons had volunteered the information that he had pleaded guilty because he was wrong and defense counsel had brought out the three year sentence in his own questioning.

■■■ When a defendant testifies, he is subject to cross-examination and impeachment as is any other witness. § 546.260 RSMo 1986. The prior convictions of any witness including the accused are admissible for impeachment purposes. § 491.050 RSMo 1986. The trial court has no discretion to prevent the use of prior criminal convictions to impeach the credibility of a witness or the accused. In a criminal trial, the state has an absolute right to demonstrate a defendant's prior convictions and the nature and time thereof for the purposes of impeachment. *State v. Frison*, 775 S.W.2d 314, 318 (Mo.App.1989). The trial court does, however, have discretion to control the scope of that cross-examination and appellate courts will not interfere unless that discretion is abused. *Id.* at 318; *State v. Powell*, 632 S.W.2d 55, 58 (Mo. App.1982).

■■■ Ordinarily in a criminal case a prosecutor is not allowed to go into details of the crimes leading to prior convictions. *Frison*, 775 S.W.2d at 318. However, if a defendant makes ambiguous statements, or denies his guilt in a prior case in which he was convicted, or makes statements designed to blunt the impact of the prior convictions, it is within the trial court's discretion to permit the prosecutor to test and challenge the statements. *Powell*, 632 S.W.2d at 58; *State v. Jones*, 809 S.W.2d 45, 46–47 (Mo.App.1991). The state is entitled to rebut the inference raised by the defendant that his prior plea of guilty was made solely because he was guilty and his present plea of not guilty is thereby dignified. *State v. Phelps*, 677 S.W.2d 418, 420 (Mo.App.1984). Simmons testified that he pleaded guilty in the prior actions because he knew he had done wrong, thus implying that he only pleaded guilty when he was in fact guilty. In such a situation the state was entitled to inquire into the details of the disposition of the previous charges to establish that a favorable plea arrangement was a determining factor in inducing the plea. *State v. Turner*, 655 S.W.2d 710, 711 (Mo.App.1983). The trial court did not abuse its discretion in permitting the prosecutor to challenge Simmon's explanation and to suggest that his motivation was a reduced sentence. Point one is denied.

For his second point Simmons claims that the trial court erred in allowing the state to file a substitute information in lieu of indictment which changed the time of day of the offense. He contends he was prejudiced in that his "alibi defense was impaired and the evidence was not equally available after the amendment."

The indictment charged that the alleged offenses occurred at approximately 3:30 a.m. on April 2, 1988. Simmons filed a Notice of Intent to Rely Upon Alibi Defense in which he stated that he was at a location other than the crime scene between the hours of 8:00 p.m. April 1, 1988 and 4:15 a.m. April 2, 1988. On the day of trial, the state sought leave to file an information in lieu of indictment changing the time of the alleged offenses from 3:30 a.m. to 4:10 a.m. Simmons objected to the change on the grounds of prejudice. The prosecutor argued that 4:10 was still within the time period covered by the alibi. Simmons did not respond and the court allowed the substitution. Simmons specifically did not argue to the trial court that his alibi defense was stronger at 3:30 than at 4:10. On appeal, however, Simmons argues that the alibi defense was stronger as to the earlier time and that the trial court should have conducted an independent inquiry to assure that the alibi defense would be equally available after the amendment.

 Simmons does not explain how his alibi defense was stronger at one time than the other. He argues that it was the responsibility of the trial court below to conduct an independent inquiry on its own into this issue, but cites no authority to support his position. When the date or time of the commission of an offense is not essential to the crime charged, amendment of the time at which the crime was committed lies within the trial court's discretion, in the absence of an affirmative showing of prejudice by the defendant. *State v. Wakefield,* 682 S.W.2d 136, 145 (Mo.App. 1984). Likewise Rule 23.08 provides that "[a]ny information may be amended ... at any time before a verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are

not thereby prejudiced." The test for prejudice under this rule is whether a defendant's evidence would be equally applicable, and his defense equally available, after the amendment. *State v. Moton,* 733 S.W.2d 449, 451 (Mo.App.1986).

 Simmons did not establish any prejudice. At trial all three of appellant's alibi witnesses accounted for appellant's whereabouts at 4:10 a.m. His alibi evidence adduced at trial was equally applicable and equally available after the filing of the amended information and, thus, the trial court did not abuse its discretion in allowing the state to file the substitute information in lieu of indictment. Point two is denied.

## POST–CONVICTION APPEAL

For his appeal from the motion court's denial of relief under Rule 29.15, Simmons asserts he was denied effective assistance of counsel at trial because his attorney argued in opening statement a matter which he was unable to prove. Simmons raised this claim in his motion, however, he did not present any evidence on this contention at the motion hearing. The motion court did not issue a factual finding on this issue.

 Appellate review of a denial of a motion for post-conviction relief is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Childers,* 801 S.W.2d 442, 446 (Mo.App. 1990). The allegations contained in a post-conviction motion are not self-proving and a movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 29.15(h); *Malady v. State,* 762 S.W.2d 442, 443 (Mo.App. 1988). Simmons did not present evidence to support his claim and thus did not sustain his burden. Where a movant has failed to provide substantive evidence at a hearing to support an allegation, a court cannot be found to have erred by not making findings on the allegation. *State v. Twitty,* 793 S.W.2d 561, 567 (Mo.App.1990). Since no findings were required, there is

nothing for us to review. Point three is denied.

The judgment of the trial court and the order of the motion court are affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.