Michael **McGAUGHY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 62567.

Missouri Court of Appeals, Western District.

March 16, 2004.

858

Vanessa Caleb, Kansas City, MO, for appellant.

Andrea K. Spillars, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., PAUL M. SPINDEN and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Michael McGaughy appeals from the judgment of the motion court, which denied his Rule 29.15 motion for post-

1. Section 565.060.

2. Section 571.015.

conviction relief. We affirm the judgment of the motion court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 1998, the State charged Mr. McGaughy by information with one count of second-degree assault,[1] one count of armed criminal action,[2] and one count of unlawful use of a weapon.[3] On February 16, 1999, the State amended each count of the information to allege that Mr. McGaughy was a prior and persistent offender.

On April 13, 1999, Mr. McGaughy filed a motion to dismiss the armed criminal action count (number two) and the unlawful use of a weapon count (number three) of the February 16 information. Mr. McGaughy argued that the second-degree assault charge in count one could not support the armed criminal action charge in count two because count one only charged him with a reckless mental state. Mr. McGaughy also argued that the unlawful use of a weapon charge in count three failed to allege the essential elements of the crime under section 571.030.1(9).

On April 15, 1999, the State filed a document titled "Second Amended Count III Felony Information." As its name suggests, it amended only the third count for unlawful use of a weapon by invoking the correct statutory provision—section 571.030.1(3), in place of section 571.030.1(9)—to correspond to the allegation that Mr. McGaughy had knowingly shot a firearm into a dwelling house.

On April 22, 1999, the trial court held a hearing on Mr. McGaughy's motion to dismiss. Based upon the State's April 15 amendment to count three, the court denied Mr. McGaughy's motion to dismiss

3. Section 571.030.

count three. The court took under advisement Mr. McGaughy's motion to dismiss count two, however.

On April 23, 1999, the State filed a document titled "Second Amended Count I Felony Information." It addressed the remainder of Mr. McGaughy's motion to dismiss by amending count one to allege that Mr. McGaughy had acted knowingly rather than recklessly. The State also filed a document titled "Second Amended Count II Felony Information." It too alleged that Mr. McGaughy had acted knowingly in committing second-degree assault.

A summary of the various amendments is set forth immediately below.

### Summary of Amendments

| Date | Name | What It Did |
|---|---|---|
| December 23, 1998 | Felony Information | Charged defendant with second-degree assault (count I), armed criminal action (count II), and unlawful use of a weapon (count III). |
| February 16, 1999 | First Amended Felony Information | Amended all counts to charge defendant as a prior and persistent offender. |
| April 15, 1999 | Second Amended Count III Felony Information | Amended only unlawful use of a weapon count by citing correct statutory provision. |
| April 23, 1999 | Second Amended Count I Felony Information and Second Amended Count II Felony Information. | Amended only second-degree assault and armed criminal action counts by alleging that defendant acted knowingly instead of recklessly. |

Following the trial, the jury convicted Mr. McGaughy on all counts and the trial court sentenced him as a prior and persistent offender. This court affirmed the judgment of the trial court. *See State v. McGaughy*, 55 S.W.3d 365, 366 (Mo.App. W.D.2000).

Mr. McGaughy subsequently filed Rule 29.15 motions[4] for post-conviction relief. Among other things, his amended Rule 29.15 motion alleged that the trial court lacked jurisdiction to try and convict him for the offenses of second-degree assault and armed criminal action because the amended information filed on April 23, 1999, charged him with offenses that were new and different from the offense charged in the amended information filed on April 15, 1999, thereby prejudicing his substantial rights. Mr. McGaughy also alleged that the trial court lacked jurisdiction to try and convict him of the offense of unlawful use of a weapon because the operative information was the one filed on April 23, 1999, which referred only to second-degree assault and armed criminal action.

Although the motion court granted Mr. McGaughy's request for an evidentiary hearing, Mr. McGaughy and the State agree that he did not present evidence on these claims at the hearing. The motion court denied Mr. McGaughy's request for post-conviction relief. In its ruling on the jurisdictional issue, the motion court said:

> In a case where the State has charged a defendant with two or more counts in a felony case, the State is allowed to amend one count against the defendant and the remaining counts will remain pending against the defendant. As a

---

4. Mr. McGaughy filed a pro se Rule 29.15 motion on July 3, 2001. After securing appointed counsel, he filed an amended motion on October 3, 2001.

result, the Court did have jurisdiction to try movant on all three amended felony counts despite the fact that the individual counts were amended at different times.

In his appellate brief, Mr. McGaughy acknowledges that he failed to object to the April 23 amendment on the ground that it charged new and different offenses and that he therefore cannot raise that argument here. Mr. McGaughy, therefore, appeals only the motion court's action on his Rule 29.15 motion as it pertains to his argument that the trial court lacked jurisdiction to try him for unlawful use of a weapon.

## II. STANDARD OF REVIEW

■ As Mr. McGaughy appropriately acknowledges, his failure to present evidence at the hearing on his Rule 29.15 motion normally would preclude review of the motion court's action. *See, e.g., State v. Simmons,* 825 S.W.2d 361, 365 (Mo.App. E.D.1992) ("Where a movant has failed to provide substantive evidence at a hearing to support an allegation, a court cannot be found to have erred by not making findings on the allegation."). But as Mr. McGaughy also points out, the motion court took judicial notice of the underlying legal file at the evidentiary hearing and that file contains all of the information needed to resolve this matter.

Furthermore, Mr. McGaughy's claim is jurisdictional because it turns upon the propositions that (a) the only operative information charging him with a crime was the April 23 information that charged him with second-degree assault and armed criminal action, and (b) that this information failed to charge him with the offense of unlawful use of a weapon. *See, e.g., Brown v. State,* 33 S.W.3d 676, 678 (Mo. App. S.D.2000) ("The failure to file an information or indictment formally charging a defendant with a crime is a jurisdictional defect, and there can be no conviction obtained or punishment assessed in a case in which such a jurisdictional defect occurs."). And because this issue is jurisdictional, it may be raised for the first time in a post-conviction proceeding. *Hulstine v. State,* 702 S.W.2d 120, 122 (Mo.App. S.D.1985).

Accordingly, we will review the motion court's action. We review the court's action on a Rule 29.15 motion solely to determine "whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). Those findings and conclusions are clearly erroneous only if, "after a review of the entire record, the Court is left with the definite and firm impression that a mistake has been made." *Johnson v. State,* 102 S.W.3d 535, 537–38 (Mo. banc 2003) (internal quotation marks and citation omitted).

## III. LEGAL ANALYSIS

■ By statute and by rule, Missouri law addresses the situation in which more than one indictment or information is pending against a defendant for the same offense. The statute says: "If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed." § 545.110. The purpose of this statute is "to prohibit the trial of an accused under one indictment while another indictment (for the same offense or for the same matter) is 'pending' by automatic 'suspension' of one of the two 'pending' indictments." *State v. Brown,* 364 Mo. 759, 267 S.W.2d 682, 689 (1954). Although the statute mentions only indictments, it applies to informations as well.

*See, e.g., State v. Reichenbacher,* 673 S.W.2d 837, 838 (Mo.App. E.D.1984).

The substantially similar rule says: "If there are two or more indictments or informations pending against the defendant for the same offense in the same county, the indictment or information last filed shall supersede all indictments or informations previously filed." Rule 23.10(b).

■ The situation contemplated by these provisions does not exist in Mr. McGaughy's case because the amended informations filed by the State never charged Mr. McGaughy with the "same offense." The April 15 information charged him with the unlawful use of a weapon. The April 23 information charged him with second-degree assault and armed criminal action.

Although these charges may arise out of the same criminal episode, they do not involve the "same matter" as Mr. McGaughy contends, because the "same matter" referred to in section 545.110 is synonymous with the "same offense" referred to in both section 545.110 and Rule 23.10. *See State v. Smith,* 491 S.W.2d 257, 259 (Mo.1973) ("That the 'same matter' referred to in § 545.110, supra, means 'same offense' is made clear by Rule 24.14 V.A.M.R., which now governs the question.").[5] *See also Durham v. Wyrick,* 545 F.2d 41, 43 (8th Cir.1976) (applying Missouri law and concluding that where indictments for sodomy and statutory rape arose from the same occurrence, indictment for statutory rape was not suspended under former Rule 24.14, because indictment for statutory rape did not charge appellant with the "same offense" as indictment for sodomy). Such piecemeal amendment is not the best practice, and it would have

been better if the State had set forth the text of the entire information to avoid any potential confusion. But we cannot say that the April 23 information suspended or quashed the April 15 information. Accordingly, the judgment of the motion court is affirmed.

LISA WHITE HARDWICK, P.J. and PAUL M. SPINDEN, J., concur.

---

**5.** According to the Committee Note accompanying Rule 23.10, Rule 23.10(b) is "substantially the same as prior Rule 24.14."