Daniel ESPARZA, Appellant,

v.

STATE of Missouri, Respondent.

WD 79434

Missouri Court of Appeals,
Western District.

OPINION FILED: May 2, 2017

S. Kate Webber, Kansas City, MO, for appellant

Evan J. Buchheim, Jefferson City, MO, for respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

Cynthia L. Martin, Judge

Daniel Esparza ("Esparza") appeals from the denial of his Rule 29.15 motion following an evidentiary hearing. Esparza argues that the motion court clearly erred in denying his motion because the sentence imposed by the trial court was in excess of the maximum sentence authorized by law. In particular, Esparza asserts that the State failed to meet its burden to prove that he had been previously convicted of driving while intoxicated six times in Georgia because the State failed to comply with the statutory requirements set forth in section 490.130 [1] for introducing records of judicial proceedings from other states. We affirm.

## Factual and Procedural History

In the underlying criminal case, the State charged Esparza with one count of driving while intoxicated in violation of section 577.010.[2] The information alleged that, in addition to operating a motor vehicle while under the influence of alcohol on December 5, 2012, Esparza previously had been convicted seven times of driving while intoxicated in Georgia. Thus, the information alleged that Esparza was a chronic offender and subject to an enhanced penalty pursuant to section 577.023.[3]

Immediately prior to trial, the State offered Exhibits 9, 10, 11, 12, 13, and 14 as

1. All statutory references are to RSMo 2016 unless otherwise noted.

2. The Missouri Criminal Code was revised by the Legislature in 2014, and those changes took effect on January 1, 2017. Thus, we cite

to the version of section 577.010 in effect on December 5, 2012, the date Esparza committed the crime.

3. We cite to the version of section 577.023 in effect on December 5, 2012. *See supra* note 2.

evidence of Esparza's six prior convictions for driving while intoxicated in Georgia.[4] Esparza's counsel stated that he had "no objection" to Exhibits 9 through 14, and the trial court received them into evidence. The trial court then stated, "Based on Exhibits 9 through 14, the Court finds the Defendant to be a prior, persistent, aggravated, and chronic driving while intoxicated offender."

The matter then proceeded to trial. Following the presentation of evidence, the jury found Esparza guilty of driving while intoxicated, and the trial court later sentenced Esparza to fifteen years imprisonment in the Department of Corrections. Esparza appealed, and we affirmed the trial court's judgment in *State v. Esparza*, 447 S.W.3d 200 (Mo. App. W.D. 2014).

Esparza filed a timely *pro se* Rule 29.15 motion. Appointed counsel timely filed an amended motion. The amended motion asserted that Esparza was entitled to post-conviction relief, in relevant part, because: (1) Esparza's sentence exceeded that allowed by law because the State failed to prove beyond a reasonable doubt that he was a chronic offender pursuant to section 577.023; and (2) Esparza received ineffective assistance of counsel because his counsel failed to object to the inclusion of Exhibits 9 through 14 into evidence. The motion court held an evidentiary hearing during which Esparza entered Exhibits 9 through 14 into evidence and Esparza's trial counsel testified. Following an evidentiary hearing, the motion court issued its findings of fact and conclusions of law denying the amended motion.

Esparza appeals.

**Standard of Review**

■ We review the motion court's denial of a Rule 29.15 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings of fact and conclusions of law are "clearly erroneous if, after reviewing the entire record, we are left with 'a definite and firm impression that a mistake has been made.'" *Cothran v. State*, 436 S.W.3d 247, 251 (Mo. App. W.D. 2014) (quoting *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010)).

**Analysis**

■ Esparza sets forth a single point on appeal. Esparza asserts that the motion court's denial of his Rule 29.15 motion was clearly erroneous in that Esparza's sentence was in excess of the maximum sentence authorized by law. Esparza claims that Exhibits 9 through 14 did not meet the statutory requirements set forth in section 490.130 for the entry of the records of judicial proceedings into evidence. Thus, according to Esparza, the State failed to meet its burden of introducing evidence to prove that Esparza was a chronic offender pursuant to section 577.023.

Section 577.010.1 criminalizes driving while intoxicated, which occurs when a person "operates a motor vehicle while in an intoxicated or drugged condition." A person's first offense is a class B misdemeanor, punishable by a term not to exceed six months. Section 577.010.2; section 558.011.[5] Section 577.023 provides for enhanced sentencing if a person has previously been convicted of one or more intoxication offenses. The State charged Esparza as a chronic offender, which is defined as "[a] person who has pleaded guilty to

---

**4.** The State did not attempt to prove the seventh prior conviction for driving while intoxicated.

**5.** We cite to the version of section 558.011 in effect on December 5, 2012. *See supra* note 2.

or has been found guilty of four or more intoxication-related traffic offenses." Section 577.023.1(2)(a). If the State pleads and proves that the person is a chronic offender, then driving while intoxicated in violation of section 577.010.1 is classified as a class B felony, which carries the potential for an imprisonment term of "not less than five years and not to exceed fifteen years." Section 577.023.5; section 558.011.

■ The State sought to prove that Esparza was a chronic offender by introducing Exhibits 9 through 14 as evidence of six previous convictions for driving while intoxicated. Because Esparza's prior convictions took place in Georgia, the State was required to comply with section 490.130, which governs the admissibility of out-of-state court records. *State v. Libertus*, 496 S.W.3d 623, 631 (Mo. App. W.D. 2016). Section 490.130 provides, in relevant part: "The records of judicial proceedings of any court ... of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding associate circuit judge of the court to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come." In other words, records of judicial proceedings from another state are given full "faith and credit" in Missouri and are admissible into evidence if the records are: "(1) attested by the clerk of the court; (2) bear the seal of the court annexed; and (3) are certified by a judge of the court as 'attested in due form.'" *Libertus*, 496 S.W.3d at 632. After Esparza's counsel stated that he had "no objec-

tion," the trial court admitted Exhibits 9 through 14 into evidence. Based on those exhibits, the trial court deemed Esparza a chronic offender. After the jury found Esparza guilty of driving while intoxicated, the trial court sentenced him to fifteen years imprisonment, the maximum prison term for a class B felony under section 558.011.

Esparza asserts that Exhibits 9 through 14 were not certified by a judge of the court as "attested in due form." Thus, according to Esparza, the trial court's imposition of the fifteen-year sentence exceeded the maximum sentence authorized by law because the State did not prove he was a chronic offender.[6] We disagree.

Esparza characterizes the trial court's error as the imposition of an unlawful sentence. He does so, no doubt, in an attempt to shoehorn his claim into the parameters of Rule 29.15, which provides that a claim that a "sentence imposed was in excess of the maximum sentence authorized by law" may be raised in a post-conviction motion. However, the trial court did not impose a sentence in excess of the maximum sentence authorized by law. Section 577.023.5 and section 558.011, when taken together, allow a person who is a chronic offender to be sentenced to a term of fifteen years imprisonment if convicted of driving while intoxicated in violation of section 577.010. Based on the evidence admitted at trial, Esparza was sentenced within the range allowed by statute.

■ Esparza's true complaint is that Exhibits 9 through 14 should not have been admitted into evidence because the

---

6. Esparza does not challenge his conviction. He does not argue that he was unlawfully convicted of a class B felony, when he should only have been convicted of a class B misdemeanor. Instead, Esparza complains only about the lawfulness of his sentence. This is not a coincidence, and is likely explained, as we discuss, *infra*, by Esparza's attempt to recast a claim of error in the admission of evidence into a cognizable post-conviction claim.

required foundation for admission specified by section 490.130 was not established.[7] Esparza's claim could and should have been raised on direct appeal. "As a general rule, a post-conviction motion for relief cannot be used as a substitute for a direct or second appeal." *Glaviano v. State*, 298 S.W.3d 112, 114 (Mo. App. W.D. 2009). " 'Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in postconviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *Id.* A challenge to a trial court's evidentiary ruling is a matter of trial court error which is not cognizable in a Rule 29.15 proceeding. *McLaughlin v. State*, 378 S.W.3d 328, 345 (Mo. banc 2012). Whether the trial court erred in admitting Exhibits 9 through 14 is not cognizable in this Rule 29.15 proceeding.

 Moreover, Esparza failed to deposit Exhibits 9 through 14 with this court. "If original exhibits are necessary to the determination of any point relied on, they shall be deposited in the appellate court." Rule 81.16(a). "Appellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." Rule 81.12(e). The failure to deposit exhibits with the appellate court precludes review of the propriety of the trial court's admission of the exhibits. *Washington v. Blackburn*, 286 S.W.3d 818, 822 (Mo. App. E.D. 2009).

Esparza's point on appeal is denied.

**Conclusion**

We affirm the motion court's judgment denying Esparza's Rule 29.15 motion.

All concur

---

7. While Esparza argued in his Rule 29.15 motion that he received ineffective assistance of counsel because trial counsel failed to object to the admission of Exhibits 9 through 14, he has abandoned that claim on appeal. And Esparza has never claimed that appellate counsel was ineffective for failing to raise the admissibility of Exhibits 9 through 14 on direct appeal. Even had Esparza done so, his claim would not have prevailed, as trial coun-

sel not only failed to object to admission of Exhibits 9 through 14, but affirmatively asserted he had no objection to their admission. Trial counsel's indication of "no objection" was no doubt influenced by the fact that the attestation about which Esparza now complains existed, and was present and discussed during the proceedings, though the State inexplicably failed to offer the attestation into evidence.