

# Missouri Court of Appeals
## Southern District

### In Division

DONALD WAYNE McMANNIS,     )
                                       )

      Movant-Appellant,     )
                                       )

v.                               )     No. SD38558
                                       )     Filed: August 12, 2025

STATE OF MISSOURI,       )
                                       )

      Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison, Jr., Circuit Judge

## AFFIRMED

Donald McMannis (Movant) appeals from an order denying his amended Rule 29.15 motion to set aside his conviction of the class B felony of driving while intoxicated (DWI). *See* § 577.010.[1] Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

### Factual and Procedural Background

In the underlying criminal case, Movant was charged by amended felony information with the class B felony of DWI on August 17, 2017, in violation of § 577.010.

---

[1] All rule references are to Missouri Court Rules (2019). All statutory references are to RSMo (2016), unless otherwise indicated.

This information alleged that Movant was a "habitual offender" because he had been convicted of DWI eight times between 1977 and 2003.

Movant waived his right to a jury trial, so the case was tried to the court in February 2019.[2]  At trial, the State offered Exhibit 1, which was a certified Department of Revenue packet containing information about each of Movant's prior convictions as alleged in the information.  Movant's counsel objected on the ground that the exhibit was not admissible unless the State proved that Movant had been represented by counsel in each prior case.  The trial court announced that it would rule on the admissibility of Exhibit 1 after reviewing the packet.

The State rested after presenting its case through the testimony of the arresting officer and various other exhibits.  Movant presented no evidence.  After closing arguments, the trial judge announced that he had reviewed Exhibit 1 and determined that Movant was represented by counsel on five or more occasions.  Therefore, the court admitted Exhibit 1 and found beyond a reasonable doubt that Movant was a habitual offender.  The court then took the case under advisement.

In March 2019, the trial court found Movant guilty of the charged offense.  In June 2019, the court sentenced Movant to serve eight years in prison.  Movant appealed.  The only issue raised by Movant was the sufficiency of the evidence to prove that he was driving while intoxicated.  *State v. McMannis*, 621 S.W.3d 582, 583 (Mo. App. 2021).  We held

---

[2]  The transcript of this trial was not included in Movant's legal file.  Therefore, we take judicial notice of our own records in appeal No. SD36303, which include that transcript. *See, e.g.*, *Abram v. TitleMax of Missouri, Inc.*, 684 S.W.3d 74, 86 n.13 (Mo. App. 2023) (an appellate court may take judicial notice of records from other related proceedings involving the same parties on the court's own motion); *Easley v. State*, 623 S.W.3d 211, 215 n.4 (Mo. App. 2021) (an appellate court can take judicial notice of its own records).

that the evidence was sufficient and affirmed Movant's conviction. *Id*. at 584-85. Mandate issued on June 2, 2021.

On August 3, 2021, Movant filed a timely original *pro se* Rule 29.15 motion to vacate, set aside or correct his judgment or sentence. *See* Rule 29.15(b) (requiring original *pro se* motion to be filed within 90 days after issuance of mandate). On August 24, 2022, the motion court entered an order appointing the State Public Defender to represent Movant. Movant's amended motion was due within 60 days of this appointment. Rule 29.15(g). Movant's amended motion was timely filed on October 24, 2022.[3]

Only one claim in the amended motion is relevant to this appeal. Claim 8.b alleged that Movant's DWI charge "should not have been enhanced."[4] The factual basis for this allegation stated:

> To enhance a charge of [DWI] to the status of habitual offender, a person needs to have been convicted of another DWI within a 10-year period. Section 577.023, RSMo. Movant was not. To enhance a charge of DWI to the status of prior and persistent, a person needs to have been convicted of a DWI in a 5-year period of time. Section 577.023, RSMo. Movant was not. Movant's last conviction for DWI was in 2003, which is 14 years prior to the charge of DWI in the underlying criminal case. Thus, Movant is neither a prior and persistent offender, nor a habitual offender.

The motion court conducted an evidentiary hearing on September 18, 2023. Movant's trial counsel (Trial Counsel) was called as a witness. When asked what he had done to determine whether Movant's prior convictions qualified as DWIs, Trial Counsel

---

[3] The 60th day after appointment of counsel fell on Sunday, October 23, 2022. Therefore, the amended motion was due on Monday, October 24, 2022. *See* Rule 44.01(a) (stating that the "last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday").

[4] In footnote 3 of the amended motion, appointed counsel stated that Claim 8.b had been "raised at the insistence of Movant."

3

testified that the trial judge took State's Exhibit 1 under advisement to review whether they met the criteria for priors and could be used for enhancement purposes. Trial Counsel requested the judge to determine whether Movant was represented by counsel or waived his right to counsel. On cross-examination during the evidentiary hearing, Trial Counsel acknowledged that: (1) the State had alleged Movant had eight prior DWI convictions; (2) the trial court reviewed State's Exhibit 1; (3) the judge admitted that exhibit; and (4) the judge found beyond a reasonable doubt that Movant was a habitual offender. Movant also testified on his own behalf.

No evidence was presented at the hearing that Movant was not a habitual offender due to the effect of any purported time limitations in § 577.023. Instead, Movant's counsel (PCR Counsel) stated:

[PCR Counsel]: I do have a case I'd like to bring to the Court's attention.

THE COURT: Okay.

[PCR Counsel]: It is *State vs. Nowicki*, I believe is how you say it. It's the Western District 84851 and was decided on February 7th, 2023. It's in regards to [Movant's] priors. Basically in the case it says that anything before 1996, you need to do a thorough look at those cases to see if those DWIs actually, in fact, complied with what our present DWI statute is to make them prior felonies. If there's no evidence put on that they meet the requirement in the present case, then they cannot be utilized as DWIs.

After the close of the evidence, PCR Counsel made the following argument:

Specifically regarding the priors, the State alleged eight separate priors. The last one was from 2003. That's number one. And then after that, two through eight are from 1995 all the way back to 1977. As it says in *State vs. Nowicki*, those need a more thorough backing for them. They need more evidence to show that he was in fact driving while intoxicated and not just in control of the vehicle. Without having that additional information in evidence, these priors – the State has not met its burden to show that those are in fact prior DWIs.

4

PCR Counsel admitted that this issue had not been raised in Movant's direct appeal. The State's counsel pointed out that Movant had not pled the *Nowicki* case in the amended motion, and argued that the State's proof of the priors was sufficient.[5]

On February 16, 2024, the motion court entered an order denying relief. The motion court found Trial Counsel's testimony credible and Movant's testimony not credible. Claim 8.b was denied for the following reason:

> Allegations contained in a post-conviction motion are not self-proving and Movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *State v. Simmons*, 825 S.W.2d 361, 365 (Mo. App. E.D. 1992). This Court concludes that there is no credible evidence as to this claim, and that this claim is without merit.

Movant timely appealed this ruling.

## Standard of Review

Movant bore the burden of proving the grounds asserted in his post-conviction motion by a preponderance of the evidence. *See* Rule 29.15(i); **McLaughlin v. State**, 378 S.W.3d 328, 337 (Mo. banc 2012). Our review of the denial of a Rule 29.15 motion is limited to determining whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(k); **Flaherty v. State**, 694 S.W.3d 413, 416-17 (Mo. banc 2024).

> [A]n appellate court can overrule the motion court's judgment after an evidentiary hearing if it is based on: (1) a mistake of law, (2) a factual finding for which there was insufficient evidence, or (3) a factual finding for which there was sufficient evidence but which the appellate court, nevertheless, finds was clearly erroneous, i.e., the appellate court on the whole of the evidence is left with a definite and firm conviction that a mistake has been committed.

---

[5] *Nowicki* was handed down by the western district of this Court on February 7, 2023. **State v. Nowicki**, No. WD 84851, 2023 WL 1786654 (Mo. App. Feb. 7, 2023). An application for transfer was sustained on May 23, 2023, well before the evidentiary hearing in this case. On January 30, 2024, our Supreme Court handed down its decision in **State v. Nowicki**, 682 S.W.3d 410 (Mo. banc 2024), which will be further discussed *infra*.

5

*Flaherty*, 694 S.W.3d at 418 (internal footnote omitted). "This Court presumes that the motion court's findings are correct." *Barton v. State*, 432 S.W.3d 741, 748 (Mo. banc 2014). An appellate court also "defers to the motion court's superior opportunity to judge the credibility of witnesses." *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019) (internal quotation marks and citations omitted). The motion court is "entitled to believe all, part, or none of the evidence presented at the post-conviction hearing." *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992).

**Discussion and Decision**

Movant presents a single point for our review. He contends his sentence was in excess of the maximum authorized by law because the State's evidence at trial was insufficient to prove that Movant had at least five prior intoxication-related traffic offenses. The contention lacks merit for multiple reasons.

*Claim 8.b Is Not Cognizable in a Rule 29.15 Proceeding*

Movant's DWI offense occurred on August 17, 2017. Effective January 1, 2017, § 577.001 had been amended to define, for the first time, a "habitual offender" to include a person who has been found guilty of "[f]ive or more intoxication-related traffic offenses committed on separate occasions[.]" *See* § 577.001(11)(a). As of January 1, 2017, § 577.023 had been amended to set out the procedures for determining whether a defendant was, among other things, a habitual offender. *See* § 577.023.1.

As amended, § 577.023 did *not* contain either a 10-year or a five-year limitation on the use of prior convictions for enhancement purposes. The prior 10-year time limit in the definition of "persistent offender" in § 577.023 was repealed in 2005. *See* H.B. 972, 2005 Mo. Laws 904; *see also* § 577.023(4) RSMo Cum. Supp. (2006). The five-year time limit

in the definition of "prior offender" in § 577.023(6) was transferred to § 577.001(20), but the time limit only applied to that definition and not to a "habitual" offender, which Movant was found to be. *See* § 577.001 and § 577.023 RSMo Cum. Supp. (2015) (showing versions effective until December 31, 2016, and beginning January 1, 2017). If the defendant is found to be a habitual offender, the offense of DWI is a class B felony. § 577.010.2(6)(a). The authorized term of imprisonment for a class B felony is "a term of years not less than five years and not to exceed fifteen years[.]" § 558.011.

At Movant's trial, the judge found that Movant was a habitual offender and sentenced him to serve eight years in prison, which was within the authorized range of punishment for a class B felony. Accordingly, Movant was not given a sentence in excess of the maximum imposed by law. Movant's Claim 8.b is really a challenge to the sufficiency of the evidence to prove that he was a habitual offender. This is not a cognizable claim in a Rule 29.15 proceeding.

"Post-conviction relief under Rule 29.15 is not a substitute for direct appeal or to obtain a second chance at appellate review." *McLaughlin*, 378 S.W.3d at 357; *see Jones v. State*, 696 S.W.3d 450, 460 (Mo. App. 2024). The sufficiency of the evidence to prove Movant's habitual-offender status is a matter of alleged trial court error that could have been, but was not, raised in Movant's direct appeal. *See Waggoner v. State*, 552 S.W.3d 601, 607 (Mo. App. 2018) (it is well established that issues which could have been raised on direct appeal may not be raised in post-conviction motions). Movant may not use his Rule 29.15 motion to obtain a second chance at appellate review of his criminal conviction. *See McLaughlin*, 378 S.W.3d at 357.

The analysis in *Esparza v. State*, 518 S.W.3d 269 (Mo. App. 2017), is directly on point. There, Esparza's Rule 29.15 motion alleged that he received a sentence in excess of

7

the maximum allowed by law "because the State failed to prove beyond a reasonable doubt that he was a chronic offender pursuant to section 577.023[.]" *Id*. at 271. The western district of this Court held that Esparza's claim was not cognizable for the following reasons:

> Esparza characterizes the trial court's error as the imposition of an unlawful sentence. He does so, no doubt, in an attempt to shoehorn his claim into the parameters of Rule 29.15, which provides that a claim that a "sentence imposed was in excess of the maximum sentence authorized by law" may be raised in a post-conviction motion. However, the trial court did not impose a sentence in excess of the maximum sentence authorized by law. Section 577.023.5 and section 558.011, when taken together, allow a person who is a chronic offender to be sentenced to a term of fifteen years imprisonment if convicted of driving while intoxicated in violation of section 577.010. Based on the evidence admitted at trial, Esparza was sentenced within the range allowed by statute.
>
> Esparza's true complaint is that Exhibits 9 through 14 should not have been admitted into evidence because the required foundation for admission specified by section 490.130 was not established. Esparza's claim could and should have been raised on direct appeal. "As a general rule, a post-conviction motion for relief cannot be used as a substitute for a direct or second appeal." *Glaviano v. State*, 298 S.W.3d 112, 114 (Mo. App. W.D. 2009). "Issues that could have been raised on direct appeal – even if constitutional claims – may not be raised in postconviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *Id*. A challenge to a trial court's evidentiary ruling is a matter of trial court error which is not cognizable in a Rule 29.15 proceeding. *McLaughlin v. State*, 378 S.W.3d 328, 345 (Mo. banc 2012). Whether the trial court erred in admitting Exhibits 9 through 14 is not cognizable in this Rule 29.15 proceeding.

*Esparza*, 518 S.W.3d at 272-73 (internal footnote omitted). We reach the same conclusion here. Movant's Claim 8.b was not cognizable in this Rule 29.15 proceeding.

### Claim 8.b Was Abandoned Because Movant Presented No Evidence to Support It

Assuming *arguendo* that Claim 8.b is cognizable in this proceeding, it was abandoned because PCR Counsel presented no evidence to support it. If Movant's original *pro se* motion did not assert sufficient facts or include all claims known to Movant, Rule 29.15(e) imposed an obligation on appointed counsel to "file an amended motion that

8

sufficiently alleges the additional facts and claims." *Id*. Claim 8.b alleged that Movant's sentence should not have been enhanced. The pleaded factual basis in the amended motion referred exclusively to alleged time constraints on the use of prior convictions contained in § 577.023. As noted above, the 10-year limitation pertaining to enhancement as a *persistent* offender was repealed in 2005, long before Movant's August 2017 offense occurred, and neither of the alleged time constraints ever applied to the definition of *habitual* offender. Further, at the evidentiary hearing, PCR Counsel presented no evidence to prove that any time constraints in § 577.023 affected the State's proof of Movant's status as a habitual offender in any way. Allegations in a Rule 29.15 motion are not self-proving, and the movant bears the burden of proving his claim by a preponderance of the evidence. *Shockley v. State*, 579 S.W.3d 881, 918-19 (Mo. banc 2019). Failure to present at the evidentiary hearing evidence in support of factual claims in a post-conviction motion constitutes abandonment of that claim. *See id*. at 919; *Balbirnie v. State*, 649 S.W.3d 345, 355 (Mo. App. 2022); *Fields v. State*, 625 S.W.3d 479, 482 (Mo. App. 2021).

Instead of presenting the required evidence, PCR Counsel asserted a completely new factual basis for Claim 8.b by citing the *Nowicki* decision from the western district. Counsel for the State appropriately noted that *Nowicki* had not been pled in Movant's amended motion. In a Rule 29.15 proceeding, any allegations or issues that are not raised in the post-conviction motion are waived. *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011); *Holman v. State*, 694 S.W.3d 484, 492 (Mo. App. 2024). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal."

*Johnson*, 333 S.W.3d at 471.[6]   Therefore, the motion court correctly concluded that Movant failed to meet his burden of proving Claim 8.b.

*The Nowicki Opinion Has Not Been Held to be Retroactive*

Our Supreme Court issued its decision in *Nowicki* on January 30, 2024.  *State v. Nowicki*, 682 S.W.3d 410 (Mo. banc 2024).  It involved a challenge in a direct appeal to the sufficiency of the State's proof of prior Missouri intoxication-related traffic offenses (IRTOs) admitted for enhancement purposes.  *Nowicki* held that a prior Missouri conviction can qualify as an IRTO only if the conduct involved constituted DWI as defined at the time of the current offense for which the State seeks enhancement.  *Id*. at 415.

The implicit premise of Movant's argument on appeal is that the opinion in *Nowicki* can be used in this Rule 29.15 proceeding to invalidate the trial court's decision on the sufficiency of the evidence to prove Movant's status as a habitual offender.  We reject that premise as incorrect.  The trial court made its sufficiency ruling in February 2019, long before *Nowicki* was decided.  Movant has cited no case, and we are aware of none, holding that *Nowicki* may be applied retroactively in a Rule 29.15 proceeding to invalidate a trial court's pre-*Nowicki* ruling on the sufficiency of the evidence to prove that an enhanced sentence is warranted.  *Cf. State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017) (the Court's prior opinion in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016),

---

[6] In *Johnson*, for example, the movant's Rule 29.15 motion claimed that the death penalty was "randomly inflicted" in Missouri "because there are no statutory guidelines or judicial decisions to help narrow the number of cases that are eligible for the death penalty[.]" *Johnson*, 333 S.W.3d at 471.  Our Supreme Court held that, by not including an allegation in his post-conviction motion that "Boone County prosecutors seek the death penalty in more cases than prosecutors in other counties[,]" Johnson waived any argument that the death penalty was imposed arbitrarily and capriciously in Boone County.  *Id*.

10

which clarified its interpretation of when felony enhancement of a stealing offense was statutorily permitted, only applied prospectively and to cases pending on direct appeal).

For all of the foregoing reasons, Movant's point lacks merit. The order denying relief on his Rule 29.15 motion is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

BECKY J. WEST, J. – CONCUR